**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

MARK TURNER and
BRENDA TURNER,

        Plaintiffs,

vs.                                                    CASE NO. 3:07cv42/RS

BENTLEY INDUSTRIES, LLC,

        Defendant.

_____/

## **ORDER**

      Before me is Defendant's Motion For Judgment As A Matter Of Law And Supporting Memorandum (Doc. 6). Defendant contends that Plaintiffs' claims are barred by the three-year statute of limitation for maritime personal injuries of 46 U.S.C. App. §763a. Turner claims he was injured on July 13, 2003, on a pontoon boat manufactured by Defendant (Doc. 1-2). Turner's injury occurred when the pontoon boat was anchored in Santa Rosa Sound twenty to thirty feet from shore in water approximately two to three feet deep. Plaintiffs initially filed this case in state court on December 18, 2006, more than three years after Turner's injury. Plaintiffs' argument that admiralty law does not apply in this case because Turner was injured while the pleasure craft was anchored in shallow water some distance from the navigation channel of Santa Rosa Sound is without merit. The fact remains that the vessel was anchored in navigable waters. *See*, *Sisson v. Ruby*, 497 U.S. 358, 111 L.Ed.2d 292, 110 S.Ct. 2892 (1990) (admiralty law applied to a fire aboard a pleasure vessel moored at a marina dock). Plaintiffs' argument that the cause of Turner's injury does not bear a significant relationship to traditional maritime activity is also without

merit.  The Eleventh Circuit rejected that very argument and held in *Mink v. Genmar Industries, Inc.*, 29 F.3d 1543 (11th Cir. 1994), that injury to a passenger on a pleasure vessel was a "potential hazard to maritime commerce" because the injury of the passenger "could have distracted the pilot and indirectly interfered with the navigation of a vessel..." It found:

> "Thus, although there was no *actual* disruption of maritime commerce in the instant case, there was clearly a potential disruption.  Mink could have fallen forward, striking the pilot or controls, thus directly interfering with the navigation of the craft and potentially causing an accident with another craft.  Or, the disruption of a serious passenger injury within such intimate confines could have distracted the pilot and indirectly interfered with the navigation of a vessel.  We readily conclude that there was a potential hazard to maritime commerce."  *Id* at 1546.

Plaintiffs' claims are barred by the three-year statute of limitation, 46 U.S.C. App. §763a.

**IT IS ORDERED:**

1. Defendant's Motion For Judgment As A Matter Of Law is **granted**.

2. This action is dismissed with prejudice.

3. The clerk is directed to close the file.

ORDERED on March 5, 2007.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**